IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re WILLIAM MARSHALL,     :
                                               :        Civil Action No. 4: 07-CV-1620
          Appellant.  :
                                               :
                                               :        (Judge McClure)

**O R D E R**

December 14, 2007

**BACKGROUND:**

On September 5, 2007, appellant William Marshall, <u>pro se</u>, filed a notice of appeal from the United States Bankruptcy Court for the Middle District of Pennsylvania. Specifically, it appears that Marshall appeals the bankruptcy court's dismissal of his voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code, and his motion to reinstate the petition.

On February 1, 2007, Marshall filed his petition for bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania. The sole creditor[1] named in the case is "A Storage Depot," which is a storage facility. Evidently, Marshall rented three storage units from the creditor, failed to pay rent

---

[1] The McKee Group was also listed as a creditor in some of the items in the record but it appears that this entity is simply the owner of "A Storage Unit."

on the units, and the creditor threatened to evict Marshall and sell the items in his storage units at a public auction. A Storage Unit received notice from the court that the bankruptcy action automatically stayed the collection of Marshall's debt. (Rec. Doc. No. 9-10, at 27.) Furthermore, A Storage Unit received a letter from the bankruptcy trustee informing it that eviction during the bankruptcy proceedings would violate federal law. (Id. at 12.)

On May 11, 2007, the case was dismissed under 11 U.S.C. § 521(I) for failure to file certain documents with the court. (Rec. Doc. No. 9-29.) On May 19, 2007, Marshall filed a motion to reinstate his bankruptcy petition. (Rec. Doc. no. 9-31.) The motion also include a "Schedule I" which Marshall claimed was the only document that he had failed to file with the court. (Id. at 3.) The court scheduled a hearing on Marshall's motion to be held on June 15, 2007.

On June 14, 2007, Marshall filed an "Emergency Motion for Order to Reinstate Order to Stay" in which he sought to enjoin A Storage Unit from evicting him and selling his property at a public auction. (Rec. Doc. No. 9-34.) On June 15, 2007, Marshall appeared pro se for the hearing on his motion to reinstate, and the hearing was continued to July 20, 2007.[2] On July 23, 2007, the motion was

---

[2] Although not entirely clear, it appears that the hearing was continued in order to give Marshall the opportunity to secure counsel. (Rec. Doc. No. 6, at 2.)

denied for failure to prosecute after Marshall failed to appear for the hearing on its rescheduled date of July 20, 2007. (Rec. Doc. No. 9-36.) On July 31, 2007, Marshall filed his notice of appeal. (Rec. Doc. no. 9-37.) Now, for the following reasons, we will affirm the decision of the bankruptcy court and dismiss the appeal.

**DISCUSSION:**

### I.  Standard of Review

A district court sits as a court of appeals reviewing a final order of the bankruptcy court under 28 U.S.C. § 158(a)(1). See also Fed. R. Bankr. P. 8001(a). Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, the district court may affirm, modify, or reverse the decision of the bankruptcy court, or may remand with instructions for further proceedings. The district court reviews the bankruptcy court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999).

### II.  Review of the Bankruptcy Court's Decision

Marshall presents three issues for appeal in his brief. First, he argues that the bankruptcy court abused its discretion by lifting the stay prior to any hearing on the merits of his bankruptcy petition. (Rec. Doc. No. 6, ¶ 1.) Second, he argues

that the creditor violated federal law by evicting him from the storage unit and selling his property.  (Id. ¶ 2.)  Finally, he argues that the bankruptcy court had an unfair bias towards his proceeding pro se.  (Id. ¶ 3.)

As for the first issue, we note that when Marshall filed his petition, 11 U.S.C. § 362 triggered an automatic stay on A Storage Depot's eviction of Marshall and public sale of his property.  In other words, A Storage Depot would be liable for damages had it ignored the stay and went ahead with the eviction and public sale.  11 U.S.C. § 362(k).  This automatic stay was automatically lifted when the petition was dismissed.  11 U.S.C. § 362(c)(2)(B).  Thus, because the stay is automatically lifted upon a dismissal of the petition, the only error by the bankruptcy court could have been in its dismissal of the case, not by lifting the stay.  While Marshall is correct in his assertion that the bankruptcy court dismissed the petition prior to a hearing on the merits, it only did this because Marshall failed to file certain documents with the court.  11 U.S.C. § 521(i) states that a bankruptcy petition should be dismissed if the debtor in a voluntary case under Chapter 7 fails to file certain documents with the court within forty-five days of the filing of a petition.  Thus, because Marshall does not dispute the fact that he failed to file certain documents with the court, the bankruptcy court was correct to dismiss the petition.  Furthermore, after the petition had been dismissed, Marshall

filed a motion to reinstate the petition and the bankruptcy court was generous enough to grant a hearing on the motion.  Yet, after one continuance, the motion was denied for failure to prosecute when Marshall failed to appear for the hearing on the rescheduled date.  Under these circumstances, we find that the denial of the motion to reinstate was appropriate as well.  Therefore, we reject Marshall's first issue for appeal.

Marshall's second argument is also easily rejected.  There is nothing in the record to support his contention that A Storage Unit violated the automatic stay that went into effect when Marshall violated his petition.  Rather, we assume that A Storage Unit went ahead with the eviction and public sale only after the stay was lifted due to the dismissal of the petition.  Therefore, we will dismiss Marshall's second issue for appeal.

Finally, as to Marshall's third argument, there is no basis for his allegation that the bankruptcy court had an unfair bias towards him proceeding <u>pro se</u>.  The bankruptcy judge continued the hearing on Marshall's motion for reinstatement, and Marshall has set forth no explanation for his failure to appear and prosecute the motion on the rescheduled date.  Therefore, we will reject Marshall's third issue for appeal.

Therefore, having rejected each of Marshall's issues for appeal, we will

affirm the bankruptcy court and dismiss the appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The decision of the bankruptcy court is AFFIRMED.

2. Appellant's appeal is DISMISSED.

3. The clerk is directed to close the case file.


          s/ James F. McClure, Jr.
          James F. McClure, Jr.
          United States District Judge